896 F.2d 555
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 The PEOPLE of The TERRITORY OF GUAM, Plaintiff-Appellee,
v.
Norbert BOTELHO, Defendant-Appellant
 
 1
 No. 88-1246.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Submitted May 8, 1989.*
Decided Feb. 28, 1990.
 
 3
 Before WALLACE and NOONAN, Circuit Judges, and BURNS**, District Judge
 
 
 4
 MEMORANDUM***
 
 
 5
 Botelho was convicted by a jury in the superior court of Guam on felony charges of criminal sexual conduct, robbery, and possession and use of a deadly weapon in the commission of a felony. The trial court denied Botelho's motion, made on the day set for trial, for substitution of appointed counsel. The trial court denied his motion to discover mental health records of the government's chief witness and restricted cross examination to preclude inquiry into that witness' history of psychiatric treatment and confinement. In the instructions to the jury, the trial court defined "reasonable doubt" by an instruction that differed from Guam's statutory definition. Botelho contends that one or more of these rulings requires reversal of his conviction. This court has jurisdiction of appeals from the Appellate Division under 48 U.S.C. Sec. 1424-3(c).
 
 
 6
 In People of the Territory of Guam v. Yang, 850 F.2d 507, 514 (9th Cir.1988), the court ruled en banc that the trial court should have relied upon Guam's statutory definition of "reasonable doubt." In accordance with Yang, together with the recent case of People of the Territory of Guam v. Ibanez, 880 F.2d 108 (9th Cir.1989), we reverse Botelho's conviction.
 
 
 7
 Of the two remaining assignments of error, it is not necessary to address the denial of Botelho's motion for substitution of appointed counsel. We discuss briefly the denial of Botelho's discovery motion and the restriction of his cross examination for the assistance of the trial court on remand.
 
 
 8
 No case has been cited to us holding that a third party is entitled as a matter of right to have the mental health records of another produced in connection with a public trial. We have found no such authority either.
 
 
 9
 The trial court's restriction of Botelho's cross examination was also proper. When cross examination relates to impeachment evidence, the test is whether the defendant was precluded from putting before the jury sufficient information to show the biases and motivations of the witness. Chipman v. Mercer, 628 F.2d 528, 530 (9th Cir.1980); United States v. Bleckner, 601 F.2d 382, 385 (9th Cir.1979). The record shows clearly that Botelho's cross examination was intended to show that the witness had a history of sexual deviance. The sexual history of a witness does not ordinarily reflect on his biases, motivations, or credibility. The ruling promoted the fair and expeditious conduct of the trial by avoiding the introduction of an extraneous, emotionally charged issue that could easily have distracted the jury or the pro se defendant from the true issues of the case. Accordingly, the restriction of Botelho's cross examination was well within the trial court's discretion.
 
 
 10
 Based on the foregoing, the decision of the Appellate Division is REVERSED and the case is REMANDED for a new trial.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.R. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable James M. Burns, District Judge for the District of Oregon, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Circuit R. 36-3